FILED
United States Court of Appeals
Tenth Circuit

December 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VECENTIE SONTIAGO MORALES,
JR.,

        Petitioner-Appellant,

v.

JUSTIN JONES, Director,

        Respondent-Appellee.

No. 09-6067
(Case No. 08-CV-00828-C)
(W.D. Okla.)

---

ORDER[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to

appeal the district court's denial of his § 2254 habeas petition relating to his

conviction for uttering a forged instrument. After representing himself in a state

jury trial, Petitioner was convicted of uttering a forged instrument following a

prior felony conviction, and he was sentenced to twenty-seven years of

imprisonment. His conviction was affirmed on direct appeal. In his § 2254

habeas petition, Petitioner raised the same issues he had raised on direct appeal in

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma state court; namely, (1) that the trial court erred in admitting evidence of other bad acts, and (2) that he did not knowingly and voluntarily waive his right to counsel at trial. The magistrate judge recommended that the habeas petition be denied, and the district court agreed. Petitioner now seeks a certificate of appealability to appeal this ruling.

On Petitioner's first claim for habeas relief, the magistrate judge noted "a state court's misapplication of its own evidentiary rules" is generally insufficient for federal habeas relief and that a petitioner seeking habeas relief for the allegedly improper admission of evidence must show "the alleged error was 'so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002)) (alteration in original). After discussing the Oklahoma Court of Criminal Appeals' conclusion that the contested evidence was admissible to prove Petitioner's motive, intent, knowledge, and identity, the magistrate judge concluded that the admission of this evidence did not render Petitioner's trial fundamentally unfair, particularly in light of the limiting instruction given to the jury.

As for Petitioner's second claim, the magistrate judge detailed the numerous discussions in the record regarding Petitioner's decision to represent himself at trial. The magistrate judge concluded that Petitioner had not shown

-2-

any of the attorneys appointed to represent him were incompetent nor that an actual conflict of interest existed, and he therefore rejected Petitioner's argument that he was forced to represent himself. Based on the evidence in the record, the magistrate judge concluded Petitioner had not shown that the Oklahoma Court of Criminal Appeals' factual findings were incorrect nor that its decision was contrary to or an unreasonable application of controlling Supreme Court precedent. The district court agreed and adopted the magistrate judge's report and recommendation in its entirety.

Having carefully reviewed the record on appeal, Petitioner's brief, the magistrate judge's report and recommendation, and the district court's ruling, we likewise agree with the magistrate judge's conclusions, and we hold that reasonable jurists would not debate the district court's dismissal of Petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, for substantially the reasons set forth by the magistrate judge and district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's motion for leave to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-